(Reap. Dec. 10106)

W. J. BYRNES & CO. OF N.Y. ET AL. *v.* UNITED STATES

Entry No. 933257 #2, etc.

(Decided November 22, 1961)

*Barnes, Richardson & Colburn* for the plaintiffs.
*William H. Orrick, Jr.,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the court, as follows:

(1)  That this stipulation is limited to merchandise described on the invoices and entries covered by the appeals for reappraisement enumerated in Schedule "A" hereto attached and made a part hereof as "cigarette lighters" or "lighters", with or without other words of description.

(2)  That as so limited, the merchandise and the issues are the same in all material respects as those involved in *W. J. Byrnes & Co. of New York, Inc.* v. *United States*, R.D. 10032, and that the record in the cited case be incorporated in the record of the appeals covered herein.

(3)  That on or about the dates of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely offered for sale to all purchasers for exportation to the United States in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, including the cost of packing and all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were equal to the entered values herein, plus "inspection fee" if and as invoiced.

(4)  That such or similar merchandise was not freely offered for sale for home consumption in the country of exportation.

(5)  That the appeals enumerated in said Schedule "A" be submitted on this stipulation, the same being limited to the merchandise and issues described above and abandoned in all other respects.

On the agreed facts and following my cited decision on the law, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value, as defined in section 402(d) of the Tariff Act of 1930, and that such statutory value therefor is equal to the entered values, plus "inspection fee" if and as invoiced, and I so hold.

As to all other merchandise included on the invoices covered by the entries involved herein, these appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.